UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONTIA VIVERETTE,

                          Plaintiff,

                -against-

EXPERIAN,

                          Defendant.

21-CV-6989 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Onita Viverette, of the Bronx, New York, filed this *pro se* action. She sues
Experian, a credit reporting agency, alleging that Experian violated her rights under the Fair
Credit Reporting Act (FCRA). By order dated February 2, 2022, the Court granted Plaintiff's
request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons
set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of
the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is
frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary
relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*
*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also
dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.
12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to
construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret
them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action using the Court's general complaint form, and she invokes the Court's federal question jurisdiction. In the section which asks Plaintiff which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "I have been violated under the Fair Credit Report Act. 15 USC Chapter 41." (ECF No. 2 at 2.) In her statement of claim, Plaintiff alleges the following:

> I was violated by Experian under the following laws: 15 USC 1681b(a)(2), 15 USC 1681(a)(4), 15 USC 1681 (a)(1), 15 USC 6802a, 15 USC 6802b, 15 USC 1681a(b), 15 USC 1681d(d)(4), 15 USC 1681e(b), 15 USC 1681i(a)(5), 15 USC 1681a (Exclusions), 18 USC 242, and Identity theft. I have been affected

financially, emotionally, and under extreme stress due to Experian violating me as
a consumer as defined by 15 USC 1693a(3).

(*Id.* at 5.)

Plaintiff brings this complaint seeking to have Experian "correct the fraud the[y] inserted

on my consumer report and $275,000 in monetary damages." (*Id.* at 6.)

## DISCUSSION

Congress enacted the FCRA to ensure that consumer reporting agencies follow fair and

equitable procedures in "regard to the confidentiality, accuracy, relevancy, and proper utilization

of consumer credit information." 15 U.S.C. § 1681(b). The FCRA therefore imposes a variety of

requirements on consumer reporting agencies to verify the accuracy of credit information in

general and in response to consumer disputes. *See* 15 U.S.C. §§ 1681b to 1681p. The statute

creates a private right of action against consumer reporting agencies for "negligent or willful

violation of any duty imposed by the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469,

473 (2d Cir. 1995) (citations omitted) (citing 15 U.S.C. §§ 1681n, 1681o).

Plaintiff's complaint implicates the FCRA's requirements that a consumer reporting

agency follow reasonable procedures to assure accuracy in a consumer's credit report, 15 U.S.C.

§ 1681e(b), and investigate disputed information, §§ 1681i(a)(1)(A), 1681i(a)(5)(B).

The FCRA requires that consumer reporting agencies "follow reasonable procedures to

assure maximum possible accuracy of the information" in a consumer's credit report. 15 U.S.C.

§ 1681e(b). To succeed on a claim that a consumer reporting agency failed to follow proper

compliance procedures under Section 1681e(b), a plaintiff must show that:

> (1) the consumer reporting agency was negligent or willful in that it failed to
> follow reasonable procedures to assure the accuracy of its credit report; (2) the
> consumer reporting agency reported inaccurate information about the plaintiff;
> (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence
> proximately caused the plaintiff's injury.

*Wimberly v. Experian Info. Solutions*, No. 1:18-CV-6058, 2021 WL 326972, at *5 (S.D.N.Y. Feb. 1, 2021) (citation omitted); *see e.g.*, *Phipps v. Experian*, No. 20-CV-3368, 2020 WL 3268488, *2 (S.D.N.Y. June 16, 2020); *Anderson v. Experian*, No. 19-CV-8833, 2019 WL 6324179, at *2 (S.D.N.Y. Nov. 26, 2019).

If a consumer notifies a consumer reporting agency of an inaccuracy in the information that agency reports, the agency must conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). If, after reinvestigation, a consumer reporting agency determines that the disputed information is inaccurate, incomplete, or cannot be verified, the agency must delete or modify the disputed item of information. 15 U.S.C. § 1681i(a)(5)(A)(i).

If disputed information is deleted from a consumer's file following reinvestigation, the consumer reporting agency may not reinsert the information "unless the person who furnishes the information certifies that the information is complete and accurate." 15 U.S.C. § 1681i(a)(5)(B)(i). If the agency does reinsert any previously deleted information, it must provide notice to the consumer, within five business days, that the information has been reinserted. 15 U.S.C. § 1681i(a)(5)(B)(ii)-(iii).

"In actions under Section 1681e or Section1681i, the threshold question is whether the disputed credit information is inaccurate." *Phipps*, 2020 WL 3268488, at *3 (citing *Anderson*, 2019 WL 6324179, at *3); *see also Gestetner v. Equifax Info. Servs., LLC*, No. 18-CV-5665, 2019 WL 1172283, at * (S.D.N.Y. Mar. 13, 2019), 2019 WL 1172283, at *2 ("[A] plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate.") (internal quotation marks and citation omitted); *Houston v. TRW Info. Servs., Inc.*, 707 F. Supp. 689, 691 (S.D.N.Y. 1989) ("The threshold question in a § 1681e(b) action is whether the

challenged credit information is inaccurate. If the information is accurate no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary.").

"A plaintiff must therefore identify the specific information on [her] credit report that is inaccurate and explain why the identified information is inaccurate." *Phipps*, 2020 WL 3268488, *3 (citing *Magee v. Am. Express*, No. 19-CV-8476, 2019 WL 6030099, at *4 (S.D.N.Y. Nov. 12, 2019)); *Magee*, 2019 WL 6030099, at *4 (holding that the plaintiff's allegations that "delinquent payments" on his credit report should be removed because of a "mail fraud investigation" were "insufficient to suggest specific information on his reports was inaccurate"); *Gestetner*, 2019 WL 1172283, at *2 (dismissing complaint alleging that credit report "showed erroneous and inaccurate information," without "any explanation as to why" information was false, for failure to state claim under Section 1681i or Section 1681e(b)).

Here, Plaintiff fails to allege sufficient facts to show that her credit report contained inaccurate information. Plaintiff merely alleges that Experian "violat[ed] her as a consumer . . . ." (ECF No. 2 at 5.) She does not specify the names, addresses, accounts, or other information that is inaccurate. In addition, she does not state facts explaining why such information is inaccurate. "Absent additional facts explaining why the disputed information and inquiries are false, Plaintiff has failed to plead an essential element of a claim under Section 1681e(b) or Section 1681i." *Phipps*, 2020 WL 3268488, at *3 (citing *Gestetner*, 2019 WL 1172283, at *2). Moreover, Plaintiff does not allege any facts showing that Experian failed to follow reasonable reinvestigation procedures. *See* 15 U.S.C. § 1681i(a)(1)(A); *Jones v. Experian Info. Solutions, Info.*, 982 F. Supp. 3d 268, 272 (S.D.N.Y. 2013) (The FCRA "confer[s] upon Plaintiff a statutory entitlement to a reasonable reinvestigation once she disputes an item on her credit report."). She therefore fails to state a claim under the FCRA.

In light Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which she alleges facts sufficient to state a claim under the FCRA.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the FCRA, the Court grants Plaintiff sixty days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against Experian. If Plaintiff has an address for defendant, she must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

6

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within sixty days of the date of this order, caption the document as an "Amended Complaint,"

and label the document with docket number 21-CV-6898 (LTS). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the

time allowed, and she cannot show good cause to excuse such failure, the complaint will be

dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 7, 2022
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
　　　　　　　　　(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name　　　　　　　　　Middle Initial　　　　Last Name

_____

Street Address

_____

County, City　　　　　　　　　　　　　State　　　　　　　Zip Code

_____

Telephone Number　　　　　　　　　Email Address (if available)

Page 3

**B.  Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

                  First Name             Last Name

                  _____

                  Current Job Title (or other identifying information)

                  _____

                  Current Work Address (or other address where defendant may be served)

                  _____

                  County, City             State         Zip Code

Defendant 2: _____

                  First Name             Last Name

                  _____

                  Current Job Title (or other identifying information)

                  _____

                  Current Work Address (or other address where defendant may be served)

                  _____

                  County, City             State         Zip Code

Defendant 3: _____

                  First Name             Last Name

                  _____

                  Current Job Title (or other identifying information)

                  _____

                  Current Work Address (or other address where defendant may be served)

                  _____

                  County, City             State         Zip Code

Defendant 4:

_____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                      State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.